FILED

10 AUG 12 PM 12: 53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

1   EDWARD A. TREDER
    State Bar No. 116307
2   THOMAS K. AGAWA
    State Bar No. 175952
3   BARRETT DAFFIN FRAPPIER
    TREDER & WEISS, LLP
4   20955 Pathfinder Road, Suite 300
    Diamond Bar, California 91765
5   Tel: (626) 371-7032
6   Email: ThomasA@bdftw.com
7
8   Attorneys for Defendants NDEX WEST, LLC,
    ONEWEST BANK, FSB & MERS
9

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

JULIE PAIGE,

      Plaintiff,

    v.

ONE WEST BANK, FSB; INDYMAC
MORTGAGE SERVICES; NDEx WEST,
LLC; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
DEUTSCHE BANK NATIONAL TRUST
COMPANY; DEUTSCHE BANK
NATIONAL TRUST COMPANY, as
Trustee of the Indymac Indx Mortgage Loan
Trust 2005-AR 7, Mortgage Pass-Through
Certificates, Series 2005-AR 7 under the
Pooling & Servicing Agreement dated April
1, 2005; TROXLER & ASSOCIATES,
INC., a California corporation and DOES 1-
50, inclusive,

      Defendants.

CASE NO.: CV10 6022 DMG SSx

**DEFENDANT NDEX WEST, LLC'S
NOTICE OF REMOVAL**

COPY

1              **TO THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF**

2  **CALIFORNIA, AND TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF**

3  **RECORD:**

4              Defendant NDEx WEST, LLC, a Delaware limited liability company

5  ("Defendant") provides notice that pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446,

6  Defendant hereby removes to this Court the California state court action entitled <u>Julie Paige</u>

7  <u>v. One West Bank, FSB et al.</u>, California Superior Court by and for Ventura County – Civil

8  Complex Center, Case No. 56-2010-00377158-CU-OR-SIM.

9              The following is a listing of the pleadings to date and a short and plain

10  statement of the grounds for removal:

11

12                               **I.**

13                 **THE STATE COURT PLEADINGS**

14          1.       On June 24, 2010, plaintiff JULIE PAIGE ("Plaintiff") filed a complaint

15  ("Complaint") against Defendant and DOES 1-50 in California Superior Court by and for

16  Orange County, Civil Complex Center, Case No. 30-2010 00345321. A true and correct

17  copy of the case file is attached hereto as Exhibit "**1**" and is fully incorporated herein by this

18  reference.

19          2.       The first date upon which Defendant received a copy of the Complaint

20  was on or about July 20, 2010, when it was served with a copy of the complaint and a

21  summons from the California state court. A copy of the summons is included with the

22  Complaint in Ex. 1.

23          3.       This Court has jurisdiction over this action based upon federal question

24  jurisdiction, and jurisdiction over the related state law claims through exercise of its

25  supplemental jurisdiction.

26

27

28

## II.

## THIS COURT HAS FEDERAL QUESTION JURISDICTION

4.      Federal courts have original federal question jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As part of her allegations alleged in the Complaint, Plaintiff claims that Defendant has violated the "Federal Truth in Lending Act" ("TILA"), "15 U.S.C. § 1635 et seq." and the "Federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2610 et seq." See Com. ¶¶ 7, 10. Since Plaintiff's claims arise in part from the laws of the United States, this Court has original jurisdiction over this action.

5.      Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims, if any. Such claims, denoted in the title of the Complaint as "COMPLAIN TO AVOID MORTGAGE LIENS; DECLARATORY RELIEF; AND FOR DAMAGES" (sic) are not distinguished in the body of the Complaint. See Com. ¶¶ 1-20.

## III.

## THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

6.      The Removal Venue Is Proper. Pursuant to 27 U.S.C. § 1446(a), Defendant files this Notice of Removal in the U.S. District Court for the Central District of California, Western Division. This venue is proper for 2 reasons: First, the California state court action is pending in the California Superior Court by and for Ventura County located at 3855-F Alamo Street, Simi Valley, CA 93063. Second, the real property subject of Plaintiff's Complaint is located at "6104 Deerhill Road, Oak Park, California 91377" See Complaint ¶ 4. For these reasons, the U.S. District Court for the Central District of California, Western Division is the proper district for removal.

1    7.    <u>The Removal Is Timely</u>. Pursuant to 28 U.S.C. § 1446(b), Defendant

2  files this Notice of Removal within 30 days of being served with the Summons and

3  Complaint. See also <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 354

4  (1999). Plaintiff filed this action on June 24, 2010. Plaintiff served Defendant with the

5  Summons and Complaint on July 20, 2010. Defendant files this Notice of Removal within

6  30 days of being served with the Summons and Complaint.

7    8.    <u>All Defendants (Except for "Troxler & Associates, Who Has Not Been</u>

8  <u>Served") Consent To Removal</u>. Defendant Troxler & Associates has not appeared in this

9  action and apparently has not been served. A true and correct copy of the California state

10  court action case summary is attached hereto as Exhibit "**2**" and is fully incorporated herein

11  by this reference. Defendant is not required to obtain the consent to remove from defendants

12  who have not been served. See <u>Salveson v. Western States Bankcard Ass'n</u>, 731 F.2d 1423,

13  1429 (9th Cir. 1984).

14    9.    Defendant's attorneys, BARRETT DAFFFIN FRAPPIER TREDER &

15  WEISS, LLP also represent <u>all other</u> named defendants DEUTSCHE BANK NATIONAL

16  TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE LOAN

17  TRUST 2005-AR 7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR

18  7 UNDER THE POOLING & SERVICING AGREEMENT DATED APRIL 1, 2005

19  ("Deutsche Bank") [erroneously sued herein as "DEUTSCHE BANK NATIONAL TRUST

20  COMPANY" (sic)], ONEWEST BANK, FSB ("OneWest") [erroneously sued herein as

21  "ONE WEST BANK, FSB" (sic) & "INDYMAC MORTGAGE SERVICES" (sic)].

22  Deutsche Bank & OneWest consent to removal of this action.

23    10.    Payment of the appropriate fees and costs for removal and docketing of

24  this matter in federal court, if any, are tendered with this Notice of Removal.

25

26

27

28

IV.

**CONCLUSION**

Based upon the foregoing, Defendant respectfully requests that this Court proceed with this matter as if the Complaint had been originally filed in the U.S. District Court for the Central District of California, Western Division.

Dated: August 12, 2010

BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP

By: _____
EDWARD A. TREDER
THOMAS K. AGAWA
Attorneys for Defendant NDEx WEST, LLC

# EXHIBIT 1

2:30 pm 7/20/10

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ONE WEST BANK, FSB; INDYMAC MORTGAGE SERVICES;
Additional Parties Attachment Form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Julie Paige

VENTURA
SUPERIOR COURT
FILED

JUN 2 4 2010

MICHAEL D. PLANET
Executive Officer and Clerk

BY: HOPE E. HERNANDEZ
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | 56-2010-00377158-CU-OR-SIM |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court, County of Ventura | |

3855F Alamo Street, Simi Valley, CA 93063
East County Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Philip D. Dapeer, 2625 Townsgate Road, Suite 330, Westlake Village, CA 91361, (323) 954-9144

| DATE: JUN 2 4 2010 | MICHAEL D. PLANET | HOPE E. HERNANDEZ | Deputy |
|---|---|---|---|
| *(Fecha)* | Clerk, *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* NDEx West, LLC

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* limited liability company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Julie Page v. One West Bank, FSB | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

NDEx WEST, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE
BANK NATIONAL TRUST COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY, as
Trustee of the Indymac Indx Mortgage Loan Trust 2005-AR 7, Mortgage Pass-Through Certificates, Series
2005-AR 7 under the Pooling & Servicing Agreement dated April 1, 2005; TROXLER & ASSOCIATES,
INC., a California corporation

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Philip D. Dapeer (SBN 53378)<br>Philip D. Dapeer, A Law Corporation<br>2625 Townsgate Road, Suite 330<br>Westlake Village, CA 91361-5749<br>TELEPHONE NO.: (323) 954-9144  FAX NO.: (323) 954-0457<br>ATTORNEY FOR *(Name):* Plaintiff | VENTURA<br>SUPERIOR COURT<br>FILED<br><br>JUN 2 4 7010<br><br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>BY:_____, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Ventura
STREET ADDRESS: 3855F Alamo Street
MAILING ADDRESS:
CITY AND ZIP CODE: Simi Valley, CA 93063
BRANCH NAME: East County Courthouse

HOPE F. HERNAND:

CASE NAME:
Julie Page v. One West Bank, FSB;

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>56-2010-00377158-CU-OR-SIM |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[X] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* three
5. This case [ ] is [✓] is not a class-action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 6/18/10

Philip D. Dapeer
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
            *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Philip D. Dapeer (SBN 53378)<br>Philip D. Dapeer, A Law Corporation<br>2625 Townsgate Road, Suite 330<br>Westlake Village, CA 91361-5749<br>TELEPHONE NO.: (323) 954-9144    FAX NO.: (323) 954-0457<br>ATTORNEY FOR *(Name):* Plaintiff | VENTURA<br>SUPERIOR COURT<br>FILED<br><br>JUN 2 4 2010<br><br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>BRUCE E. LUSMAN |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Ventura**
STREET ADDRESS: 3855F Alamo Street
MAILING ADDRESS:
CITY AND ZIP CODE: Simi Valley, CA 93063
BRANCH NAME: East County Courthouse

CASE NAME:
Julie Page v. One West Bank, FSB;

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 56-2010-00377158-CU-OR-SIM |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [X] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* three
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 6/18/10

Philip D. Dapeer
_____       _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.<br>www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

1 | PHILIP D. DAPEER (State Bar No. 53378)
PHILIP D. DAPEER
2 | A Law Corporation
2625 Townsgate Road, Suite 330
3 | Westlake Village, California 91361-5749
Telephone: (323) 954-9144
4 | Facsimile: (323) 954-0457

5 | Attorney for Plaintiff
JULIE PAIGE

6

VENTURA
SUPERIOR COURT
FILED

JUN 2 4 2010

MICHAEL D. PLANET
Executive Officer and Clerk
HOPE E. HERNANDEZ Deputy

7 | ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 | ### COUNTY OF VENTURA

9 | 56-2010-00377158-CU-OR-SIM

10 | JULIE PAIGE,

Case No.:

11 |   Plaintiff,

**COMPLAINT TO AVOID MORTGAGE
LIENS; DECLARATORY RELIEF;
AND FOR DAMAGES**

12 | v.

13 | ONE WEST BANK, FSB; INDYMAC
MORTGAGE SERVICES; NDEx WEST, LLC;
14 | MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
15 | DEUTSCHE BANK NATIONAL TRUST
COMPANY; DEUTSCHE BANK NATIONAL
16 | TRUST COMPANY, as Trustee of the Indymac
Indx Mortgage Loan Trust 2005-AR 7,
17 | Mortgage Pass-Through Certificates, Series
2005-AR 7 under the Pooling & Servicing
18 | Agreement dated April 1, 2005; TROXLER &
ASSOCIATES, INC., a California corporation;
19 | and DOES 1-50, inclusive,

20 |   Defendants.

21

22 |   Plaintiff alleges:

23

24 |   1.   Plaintiff is and was at all times herein mentioned a resident of the County of

25 | Ventura, State of California.

26

27 |   2.   Plaintiff does not know the true names or capacities of defendants sued herein

28 | by the fictitious names set forth in the caption of the complaint.  Plaintiff will amend this

1

1  complaint to allege the true names and capacities of said fictitiously named defendants when
2  ascertained.
3
4      3.      Plaintiff is informed and believes and therein alleges that each of the
5  fictitiously named defendants was and is now the agent of the other, and in doing the things
6  hereinafter alleged was acting within the course and scope of said agency relationship.
7  Plaintiff is informed and believes and therein alleges that each of the fictitiously named
8  defendants was responsible in some manner for the events and happenings herein alleged,
9  and that plaintiff's damages are herein alleged were proximately caused by the conduct of
10 said fictitiously named defendants.
11
12     4.      This complaint concerns the real property located at 6104 Deerhill Road, Oak
13 Park, California 91377, which property is the plaintiff's residence.  Plaintiff is the owner of
14 the fee simple interest in said property.  The property is encumbered by two deeds of trust.
15 Plaintiff is informed and believes and therein alleges that, based upon notices that defendants
16 have sent to plaintiff, the defendants assert some right, title, claim or interest with respect to
17 the deeds of trust that encumber the plaintiff's property adverse to the interest of plaintiff.
18
19     5.      Plaintiff does not know the true names or capacities of the defendants named in
20 the caption of the complaint.  The names of the defendants as they appear in the caption of
21 the complaint are the names disclosed to plaintiff as a result of written communication from
22 the defendants to plaintiff concerning the mortgage loans and defendants' efforts to
23 commence foreclosure proceedings under the mortgages that encumber plaintiff's residence.
24
25     6.      This complaint seeks a declaration that defendants have violated their statutory
26 duties, including fiduciary duties, owed to plaintiff as a result of defendants' status as
27 mortgagees, beneficiaries, holders, loan originators, loan servicing agents, transferees,
28 assignees, nominees or agents with respect to the making, execution and delivery of the

2

1   promissory notes and deeds of trust giving rise to the encumbrances of record adversely

2   affecting defendants' property, the servicing of any loans related to the mortgages affecting

3   plaintiff's property or any act undertaken with respect to the initiation or prosecution of

4   power of sale foreclosure with respect to either of the mortgages that adversely affect

5   plaintiff's fee simple title to the subject property.

6

7        7.    Plaintiff seeks a declaration of rights and duties based upon the claims asserted

8   in this complaint that defendants have intentionally violated the Federal Truth In Lending

9   Act, 15 U.S.C. § 1635 *et seq.*, the Federal Real Estate Settlement Procedures Act, 12 U.S.C.

10  § 2610 *et seq.* and California Civil Code, § 2920 *et seq.* Plaintiff is informed and believes

11  and therein alleges that defendants have acted intentionally to conceal their statutory

12  violations from plaintiff and to mislead plaintiff, such that defendants should be estopped to

13  assert any defense that any of plaintiff's claims asserted in this complaint are barred by any

14  otherwise applicable state or federal statute of limitations.

15

16       8.    Plaintiff is informed and believes and therein alleges that by virtue of the

17  course of dealings between and among the defendants with respect to the mortgages that now

18  adversely effect plaintiff's property, the defendants should be deemed to be agents of each

19  other and/or co-conspirators in the commission of wrongful acts and omissions intended to

20  mislead plaintiff and facilitate the foreclosure of the mortgages against the subject property

21  all to the loss, damage and injury of plaintiff and in violation of state and federal law as

22  alleged herein.

23

24       9.    Based upon documents that plaintiff has now reviewed since the filing of her

25  petition for relief under Chapter 7 of the Bankruptcy Code, plaintiff has discovered that

26  defendants charged plaintiff undisclosed settlement charges, miscalculated the annual

27  percentage rate in the disclosure statement and failed to disclose a yield spread premium that

28  was charged to plaintiff. Further, plaintiff is informed and believes and therein alleges that

3

1  defendants never provided plaintiff with a valid notice of right to cancel that was properly

2  dated.

3

4        10.    Plaintiff is informed and believes and therein alleges that defendants charged

5  plaintiff a document preparation fee in connection with the preparation of the HUD-1 or the

6  Federal Truth In Lending disclosure statement, which fee is an illegal charge under the Real

7  Estate Settlement Procedures Act. Further, defendants failed to provide plaintiff with a good

8  faith estimate for review and also failed to provide plaintiff with the Consumer Handbook on

9  adjustable rate mortgages, which booklet and estimate must be provided to the borrower

10  pursuant to the Real Estate Settlement Procedures Act. Further, defendants failed to provide

11  plaintiff with an executed set of the loan documents.

12

13        11.    With respect to the California statutes governing power of sale foreclosure

14  under deeds of trust, plaintiff is informed and believes and therein alleges that there was

15  never a valid assignment of the mortgages or promissory notes from the original lender to

16  any subsequent assignee and that, as of the date of this complaint, there is no holder of a

17  valid and enforceable assignment and promissory note with respect to the mortgages

18  affecting the plaintiff's property, such that none of the defendants has legal standing to

19  commence any foreclosure proceedings against the Plaintiff's residence; all assignments

20  subsequent to the original lender being void as a matter of law, including any subsequent

21  substitution of trustee under either of the deeds of trust. Plaintiff is informed and believes

22  and therein alleges that any action taken by any of the defendants by way of foreclosure of

23  either deed of trust affecting the subject property at any time prior to the commencement by

24  plaintiff of her Chapter 7 case was void in that defendants were not valid holders of any and

25  all right, title, claim and interest with respect to any mortgage lien or promissory note

26  affecting the plaintiff's property.

27  //

28  //

4

12.     Plaintiff is informed and believes and therein alleges that subsequent to the initial funding of the two mortgage loans that are the subject of this action, defendants engaged in a series of transactions between and among themselves by which they attempted to transfer, convey or assign rights with respect to the mortgage liens between and among the defendants. Defendants failed to give notice to plaintiff of such assignment or transfer transactions. Further, plaintiff is informed and believes and therein alleges that defendants entered into a series of loan modification agreements by which defendants, between and among themselves, attempted to alter, modify or change the contractual rights and duties of plaintiff under the original promissory notes and deeds of trust, without obtaining plaintiff's consent to any such contractual modifications. Plaintiff is informed and believes and therein alleges that such contractual modifications have now rendered the original promissory notes and deeds of trust executed by plaintiff to be void or voidable, and have thereby rendered the loan transactions to be violations of California usury law. Plaintiff is now informed and believes and therein alleges that the promissory notes secured by deeds of trust affecting the plaintiff's property are usurious.

13.     As a direct and proximate result of defendants' wrongful conduct as herein alleged, plaintiff has been damaged in a sum subject to proof at trial.

14.     Defendants' wrongful conduct was intentional and deliberate, and undertaken with the intent and purpose of concealing from plaintiff the various transactions by which defendants, between and among themselves, attempted to transfer, convey or assign rights with respect to the promissory notes and deeds of trust affecting the plaintiff's property, all without plaintiff's prior knowledge and consent. Such wrongful conduct warrants the imposition of punitive damages as against defendants because such acts, transactions and omissions by defendants frustrated plaintiff's efforts to obtain debt relief through the process of her petition for relief under Chapter 7 of the Bankruptcy Code.

//

5

15.     As a direct and proximate result of defendants' wrongful conduct, plaintiff has had to engage attorneys in order to advise her with respect to the various violations of state and federal law as alleged in this complaint. Plaintiff has incurred and continues to incur attorney's fees in the matter in a sum subject to proof at trial, which attorney's fees and costs should have been unnecessary had defendants complied with federal law regarding the documentation of a mortgage loan and compliance with California law with respect to power of sale foreclosure under deeds of trust affecting real property located in California.

16.     Plaintiff seeks rescission of the loan transactions by virtue of defendants' violation of state and federal law as herein alleged.

17.     Plaintiff seeks a declaration of rights in the premises. It is necessary and appropriate that this court declare the rights, duties and obligations of the parties in order to secure the free alienation of real property located in California which title is now clouded by the claims and disputes set forth in this complaint.

18.     Plaintiff seeks an order avoiding the mortgage liens of record against the plaintiff's property based upon the wrongful conduct of defendants as herein alleged.

19.     Defendants' wrongful conduct has caused plaintiff emotional distress resulting in physical injury and injury to plaintiff's nervous system, all in a sum subject to proof at trial.

20.     Plaintiff seeks a decree and judgment that each of the defendants is jointly and severally liable for all of the wrong, harm, injury and damage suffered by plaintiff as alleged herein, due to the inter-relationship between defendants resulting from the manner in which defendants have attempted to create a chain of title with respect to the promissory notes and deeds of trust affecting the plaintiff's property, all in violation of state and federal law.

6

WHEREFORE, plaintiff prays judgment as follows:

1.  For a declaration of rights and duties in the premises;

2.  For an order avoiding the mortgage liens affecting the plaintiff's residence;

3.  For plaintiff's consequential and incidental damages subject to proof;

4.  For punitive damages subject to proof;

5.  For plaintiff's attorney's fees incurred herein;

6.  For plaintiff's cost of suit incurred herein; and

7.  For such other and further relief as the court deems just and proper.

DATED: June 16, 2010

PHILIP D. DAPEER
A Law Corporation

_____

PHILIP D. DAPEER

Attorney for Plaintiff
JULIE PAIGE

7

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA

3855-F Alamo Street
Simi Valley , CA 93063
(805) 582-8086

## NOTICE OF CASE ASSIGNMENT

Case Number: 56-2010-00377158-CU-OR-SIM

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Barbara A. Lane | Simi Valley | S5 |

[ x ] ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Court calendars vary from courtroom to courtroom. You may contact the clerk's office for more information when you need to schedule a hearing before the judicial officer.

**Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Per Local Rule 15.03, all ex parte documents must be filed in the courthouse where the ex parte application shall be heard.

**Noticed Motions**

Contact the clerk's office to reserve a date for a law and motion matter. Per Local Rule 3.19, all law and motion documents must be filed in the courthouse where the motion shall be heard.

**Other Information**

You can visit the court's website at www.ventura.courts.ca.gov for public access to non-confidential case information, local rules and forms, and other court information.

Clerk of the Court,

Date: 07/13/2010

By: Hope H. Hernandez

Hope Hernandez, Clerk

VEN-FNR049

NOTICE OF CASE ASSIGNMENT

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF VENTURA



SUPERIOR COURT

Dignity
Respect
Excellence
Communication
Pride in all we do

COUNTY OF VENTURA

*Our Court is Here for the People we Serve.*

---

## Additional Information

**Local Dispute Resolution Programs funded under Dispute Resolution Programs Act (DRPA):**

**Ventura County District Attorney's Consumer Mediation Unit**   (805) 654-3110

**Ventura Center for Dispute Settlement**
1200 Paseo Camarillo, Suite 165       (805) 384-1313
Camarillo, CA 93010

### Court Annexed ADR Programs

Mandatory Mediation – Assigned by the court

Volunteer Mediation – By written agreement of the parties

Mandatory Settlement Conference – Assigned by the court

Mandatory Early Settlement Conference – Assigned by the court

Arbitration – Assigned by the court

**Superior Court of California
County of Ventura**
800 South Victoria Avenue
Hall of Justice, Room 210
Ventura, CA 93009
(805) 654-2241

ADR Info f25) 09/03

---

## Mandatory Early Settlement Conference:

This program was implemented through the joint efforts of the Superior Court and the Ventura County Bar Association working primarily through the Bench/Bar subcommittee. Cases that are appropriate for the Mandatory Early Settlement Conference Program (MESC) are identified and referred to a settlement officer to conduct a settlement conference. The parties have the opportunity for a serious exchange of facts, theories, and evaluations at the earliest possible time with an impartial attorney volunteer conducting the conference. The basic difference between cases assigned to the MESC and mediation is in the nature of the case and the relief sought. If the injury or damage is compensable in money damages and there is no emotional component or "hidden agenda" on the part of one or more of the parties, as is frequently the case in mediation cases, then the case is sent to the mandatory early settlement conference program. MESC's may be appropriate when negotiations between parties have not proven successful.

## Family Court Services

Assists parents and other parties in resolving custody and visitation disputes in a nonadversarial manner, helps them to design a parenting plan (custody and visitation order) in the best interests of their children.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*          TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

☐    800 SOUTH VICTORIA AVE, VENTURA CA. 93009

☐    3855 – F ALAMO ST. SIMI VALLEY, CA. 93062-1200

PLAINTIFF:

DEFENDANT:

| STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS | CASE NUMBER: |
|---|---|

The parties and their attorneys stipulate that the claim(s) in this action shall proceed to the following alternative dispute resolution process:

☐  Private Mediation                           ☐  Volunteer Mediation _____

☐  Mandatory Early Settlement Conference       ☐  Assignment to Private Judge

☐  Binding Arbitration                         ☐  Non-Binding Arbitration

☐  Other (specify): _____

It is further stipulated that the deadline for selection of a neutral and completion of the ADR process is: _____

_____

_____                    _____
Plaintiff (print)                            Defendant (print)

_____                    _____
Signature of Plaintiff                       Signature of Defendant

_____                    _____
Plaintiff's Attorney (print)                 Defendant's Attorney (print)

_____                    _____
Attorney's Signature                         Attorney's Signature

Dated: _____                       Dated _____

**IT IS SO ORDERED.**

   IT IS FURTHER ORDERED THAT: _____

_____

_____

Dated: _____                       _____
                                             Judicial Officer

VN164   01/01/02      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS**

# Ventura County Superior Court
## Civil Case Track Time Schedule

| Day | Event | Comment |
|---|---|---|
| 1 | Complaint filed with Declaration re Court Assignment and Civil Case Cover Sheet. | Judge is assigned; the track is determined. |
| 60 | **Proof(s) of service filed with court.** | **Plaintiff must file proof(s) of service within 60 days of filing of complaint or OSC will be set.** |
| 65 | Notice of OSC sanctions for failure to file Proof(s) of Service. | Notice of OSC date sent. |
| 75 | Hearing re OSC sanctions for failure to file proof(s) of service. | Plaintiff must file Proof(s) of Service or appear and show cause at set hearing, or the plaintiff's attorney will be sanctioned. |
| 110 | Hearing re OSC re entry of default as to non-responding parties set. | Plaintiff must file request to enter default within 10 days after time for service has elapsed or appear at hearing. |
| 110 | **Notice of Case Management Conference.** | **If Case Management Statement is filed no appearance at hearing is necessary. (Statement must be filed 15 days prior to hearing.)** |
| 150 | **Deadline to file Case Management Statement.** | **If Case Management Statement is not timely filed it may not be considered.** |
| 165 | Case Management Conference held. | If Case Management Statement is not filed hearing will remain on calendar and appearance is required. |
| 180 | Case Management Order sent to Case Management Unit. | Notice of trial date, MSC, arbitration sent. |
| 180 | Non Arbitration cases - trial date is set 49 weeks after original filing date; Mandatory Settlement Conference set approximately 3 weeks prior to trial. | Notice of Trial and MSC dates sent. |
| 200 | Arbitration cases- Notice with Panel of Arbitrators is mailed. | Parties have ten days to file a rejection of Arbitrator or Stipulation to Arbitrator. |
| **Note** | **Arbitration cases will be given a post-arbitration trial date. Setting is approximately 49 weeks after filing of complaint.** | |
| 211 | Notice of selection of Arbitrator sent to all parties and Arbitrator. | If no stipulation and no rejection of arbitrators is received, the court selects arbitrator and gives notice. |
| 270 | Arbitration cases: award or request for trial de novo filed. | Arbitration is not deemed complete until the arbitration award is filed with the court. |
| 320 | Mandatory Settlement Conferences. | Mandatory Settlement Conference Statements must be filed five (5) court days prior to conference. |
| 340 | Trials. | |

# NOTICE OF MANDATORY SERVICE/FILING OF VECM QUESTIONNAIRE

**(This notice impacts all civil lawsuits filed in the Ventura Superior Court)**

All parties *in any civil case* must consider voluntary early mediation of their dispute (Local Rule 24.00) and are required to file with the court the attached local form *Voluntary Early Civil Mediation Questionnaire* (VN 183) indicating whether the parties agree to opt in to, or decline to participate in the program.

All plaintiffs, in any civil lawsuit filed after July 1, 2005, are required to serve the Voluntary Early Civil Mediation Questionnaire form with the summons and complaint (Local Rule 24.03).  Once served, it must also be noted on the proof of service of summons and complaint that you have served this document.

**Important Note:**  Whether or not the parties decide to participate in the Voluntary Early Civil Mediation Program, the Voluntary Early Civil Mediation Questionnaire form *must* be executed by all parties or their counsel and filed at the time of the last defendant's first appearance (Local Rule 24.04).  Failure to file this form may result in the court setting an Order to Show Cause Regarding Sanctions for failure to comply.

Unless the parties have formally declined to participate in the Ventura Superior Court Voluntary Early Civil Mediation Program, the parties shall complete and file with the court the *Voluntary Early Civil Mediation Report* (VN 184) no later than 25 days from the filing of the last defendant's responsive pleading (Local Rule 24.06).

If the parties elect to participate in the Voluntary Early Civil Mediation Program, please refer to Ventura County Local Rule 24.00, et. seq., for further direction.

Local Court Rules and additional information regarding the Voluntary Early Civil Mediation Program can be found on the court website located at www.ventura.courts.ca.gov.

G:\COMMON\Admin\Civil\CIVFORMS/VECM NOTICE Revised 06/16/08 jmc.doc

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)   Telephone Number | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

☐ 800 SOUTH VICTORIA AVE. VENTURA, CA 93009
☐ 3855 – F ALAMO ST. SIMI VALLEY, CA 93063-2110

PLAINTIFF:

DEFENDANT:

| | CASE NUMBER: |
|---|---|
| **VOLUNTARY EARLY CIVIL MEDIATION QUESTIONNAIRE**<br>(Local Rule No. 24.00) | |

The parties are required to meet and confer re: selection of ADR procedure and must jointly submit this ADR Questionnaire on the date that the responsive pleading is required. Extensions of time granted by the parties for filing of responsive pleading will not extend the time deadline for filing of this questionnaire. (Local Rule No.24.04)

If the parties elect to participate in the Ventura Superior Court Voluntary Early Civil Mediation Program, normal discovery procedures and deadlines will be suspended for 150 days and limited discovery shall be conducted pursuant to C.C.P. §94. Suspension of discovery deadlines applies only when the parties elect to participate in the Ventura Superior Court Voluntary Early Civil Mediation Program.

The parties elect as follows:

☐ A.  Pursuant to Local Rule No. 24.00, the parties elect to participate in the Voluntary Early Civil Mediation Program, with the following type of mediator.

   ☐ Pro-bono mediator
   ☐ Party-pay neutral

   The mediator to be selected as follows:

   ☐ Mediator selected by the parties from Court Web site
   ☐ Private mediator (not on Court panel)

☐ B.  The parties decline to participate in the Voluntary Early Civil Mediation Program. The Court will assign the parties to mediation, early settlement conference, or arbitration. Normal discovery rules and deadlines shall apply, as per Local Rules.

Dated: _____          _____
                                                       Attorney for

Dated: _____          _____
                                                       Attorney for

Dated: _____          _____
                                                       Attorney for

---

**Note:  Whether or not the parties decide to participate in the Voluntary Early Civil Mediation Program, this form *must* be executed by all parties or their counsel and filed at the time of the last defendant's first appearance (Ventura County Local Rule 24.04). Failure to file this form may result in your required appearance at a Case Management hearing and sanctions being imposed.**

---

VN 183
Rev 01/09

VOLUNTARY EARLY CIVIL MEDIATION QUESTIONNAIRE

| ATTORNEY OF PARTY WITHOUT ATTORNEY (Name and Address)       Telephone Number | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

☐ 800 SOUTH VICTORIA AVE. VENTURA, CA 93009
☐ 3855 – F ALAMO ST. SIMI VALLEY, CA  93063-2110

PLAINTIFF:

DEFENDANT:

| **VOLUNTARY EARLY CIVIL MEDIATION REPORT**<br>**(Local Rule No. 24.00)** | CASE NUMBER: |
|---|---|

Pursuant to Rule No. 24.06 the parties report as follows:

☐  Pro-bono mediator selected by the parties from the Court's on-line web site of available mediators (enter mediator name(s), address and telephone number below)

☐  Party-pay mediator selected by the parties (enter mediator name(s), address and telephone number below)

☐  Private mediator – not on Court panel (enter mediator name(s), address and telephone number below)

Name of mediator: _____
Address: _____
Telephone Number: _____

Alternate mediator: _____
Address: _____
Telephone Number: _____

If the parties elect to participate in the Voluntary Early Civil Mediation Program, normal discovery procedures and deadlines will be suspended for 150 days and limited discovery shall be conducted pursuant to C.C.P. §94. Suspension of discovery deadlines applies only when the parties elect to participate in the Voluntary Early Civil Mediation Program.

Dated: _____          _____
                                                                    Attorney for

Dated: _____          _____
                                                                    Attorney for

> ***Note:*** **This form must be completed and filed with the court no later than 35 days from the filing of the last defendant's responsive pleading (Local Rule 24.06).  Failure to comply can result in your required appearance at an Order to Show Cause hearing and sanctions being imposed.**

CONFORMED COPY

1   EDWARD A. TREDER
    State Bar No. 116307
2   BARRETT DAFFIN FRAPPIER
    TREDER & WEISS, LLP
3   20955 Pathfinder Road, Suite 300
    Diamond Bar, California 91765
4   (626) 915-5714 – Phone
    (626) 915-0289 – Fax
5   EdwardT@BDFGroup.com
    Our File No.: 20090159910834
6

7   Attorneys for Defendant NDeX WEST, LLC

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF VENTURA

10

11  JULIE PAIGE,                          CASE NO. 56-2010-00377158-CU-OR-SIM

12                       Plaintiff,        UNLIMITED CIVIL

13  vs.                                    ASSIGNED FOR ALL PURPOSES TO:
                                           HON. BARBARA A. LANE, DEPT. S5
14  ONE WEST BANK, FSB; INDYMAC
    MORTGAGE SERVICES; NDeX WEST, LLC;
15  MORTGAGE ELECTRONIC REGISTRATION        NOTICE OF FILING OF DECLARATION
    SYSTEMS, INC.; DEUTSCHE BANK            OF NON-MONETARY STATUS
16  NATIONAL TRUST COMPANY; DEUTSCHE
    BANK NATIONAL TRUST COMPANY, as         *(Cal. Civ. Code §2924l)*
17  Trustee of the Indymac Indx Mortgage Loan Trust
    2005-AR7, Mortgage Pass-Through Certificates,
18  Series 2005-AR7 under the Pooling & Servicing
    Agreement dated April 1, 2005; TROXLER &
19  ASSOCIATES, INC., a California corporation;
    and DOES 1-50, inclusive,
20
                         Defendants.
21

22

23  TO:    ALL INTERESTED PARTIES; AND

24  TO:    THEIR ATTORNEYS OF RECORD:

25

26      YOU ARE HEREBY NOTIFIED that Defendant NDeX WEST, LLC has filed a Declaration

27  of Non-Monetary Status in the above-captioned action or proceeding as authorized by *California*

28

1  *Civil Code §2924l(a)*. A true and correct copy of its Declaration of Non-Monetary Status is attached

2  hereto as Exhibit "1" and incorporated herein by this reference.

3

4        YOU ARE FURTHER NOTIFIED that, in accordance with *California Civil Code §2924l(c)*,

5  any parties who have appeared in the above-captioned action or proceeding shall have fifteen (15)

6  days from the service of the Declaration of Non-Monetary Status in which to file and serve written

7  objections to the non-monetary status of said defendant. Any written objections shall set forth the

8  factual basis on which the objections are based and shall be served upon the undersigned counsel for

9  said defendant. During the time for filing written objections, the time within which Defendant NDeX

10  WEST, LLC is required to file a responsive pleading to Plaintiff's Complaint shall be tolled in

11

12  accordance with the provisions of *California Civil Code §2924l(f)*.

13

14        YOU ARE FURTHER NOTIFIED that, in accordance with *California Civil Code §2924l(d)*,

15  if no timely written objections are filed and served, Defendant NDeX WEST, LLC shall not be

16  subject to any monetary awards as and for damages, attorneys fees or costs, shall be required to

17  respond to any discovery requests as a nonparty and shall be bound by any court order relating to the

18  deed of trust that is the subject of the action or proceeding.

19

20                              BARRETT DAFFIN FRAPPIER TREDER &

21                              WEISS, LLP

22

23  Dated: July 30, 2010                  By: _____

24                                EDWARD A. TREDER, Attorneys for

25                                Defendant NDeX WEST, LLC.

26

27

28

# EXHIBIT "1"

1
EDWARD A. TREDER
State Bar No. 116307
2
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
3
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
4
(626) 915-5714 – Phone
(626) 915-0289 – Fax
5
EdwardT@BDFGroup.com
Our File No.: 20090159910834
6
7
Attorneys for Defendant NDeX WEST, LLC

8
SUPERIOR COURT OF THE STATE OF CALIFORNIA

9
COUNTY OF VENTURA

10

| | |
|---|---|
| 11    JULIE PAIGE, | CASE NO. 56-2010-00377158-CU-OR-SIM |
| 12            Plaintiff, | UNLIMITED CIVIL |
| 13      vs. | ASSIGNED FOR ALL PURPOSES TO: HON. BARBARA A. LANE, DEPT. S5 |
| 14    ONE WEST BANK, FSB; INDYMAC MORTGAGE SERVICES; NDEx WEST, LLC; | |
| 15    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE BANK | DECLARATION OF NON-MONETARY STATUS |
| 16    NATIONAL TRUST COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY, as | |
| 17    Trustee of the Indymac Indx Mortgage Loan Trust | *(Cal. Civ. Code §2924l)* |
| 18    2005-AR7, Mortgage Pass-Through Certificates, Series 2005-AR7 under the Pooling & Servicing | |
| 19    Agreement dated April 1, 2005; TROXLER & ASSOCIATES, INC., a California corporation; | |
| 20    and DOES 1-50, inclusive, | |
| 21            Defendants. | |

22

23
I, EDWARD A. TREDER, declare as follows:

24

25
1.    I am an attorney at law, duly admitted to practice before all courts in the State of

26
California, and I am the managing partner of Barrett Daffin Frappier Treder & Weiss, LLP, attorneys

27
for Defendant NDeX WEST, LLC, a named defendant in the above-captioned matter.

28

2.     By written instrument recorded on March 4, 2010, as Instrument No. 10-34230 in the Office of the Ventura County Recorder, Defendant NDeX WEST, LLC was duly substituted as foreclosure trustee under that certain Deed of Trust executed by DANIEL J. PAIGE and JULIE A. PAIGE, husband and wife as community property with right of survivorship, to secure a debt in the original sum of $575,000.00 in favor of Troxler & Associates, Inc., and recorded on December 8, 2004, as Instrument No. 20041208-0324654, Official Records of Ventura County, California.  Said Deed of Trust created a first priority security interest with power of sale against the real property described therein and commonly known as 6104 Deerhill Road, Oak Park, California 91377.

3.     I have reviewed the claims alleged in Plaintiff's Complaint and the relief requested as to Defendant NDeX WEST, LLC.  Based thereon, Defendant NDeX WEST, LLC knows or maintains a reasonable belief that it has been named as a defendant in the above-captioned action or proceeding solely in its capacity as a foreclosure trustee under said Deed of Trust and that Plaintiff do not assert any claims for monetary relief against Defendant NDeX WEST, LLC.

4.     Defendant NDeX WEST, LLC reasonably believes that it has not been named as a defendant in the above-captioned action or proceeding due to any acts or omissions on its part in the performance of its duties as foreclosure trustee because the facts alleged in the Complaint relate primarily to a loan origination and/or loan servicing dispute between Plaintiff, the original mortgage lender, its successor(s)-in-interest and/or the loan servicing agent(s) for such mortgage lender(s). Except for its handling of the non-judicial foreclosure, Defendant NDeX WEST, LLC was not involved in the origination or servicing of the subject mortgage loan.

5.     Defendant NDeX WEST, LLC agrees to be bound by any non-monetary order or judgment that may be issued by the court regarding said Deed of Trust.

6.      I have personal knowledge of the foregoing facts, and if called as a witness, I would testify competently thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing facts are true and correct.

Executed this 30th day of July, 2010 at Diamond Bar, California

_____
EDWARD A. TREDER

## PROOF OF SERVICE BY MAIL (C.C.P. 1013a, 2015.5)

STATE OF CALIFORNIA        )
                                   )
COUNTY OF LOS ANGELES    )

     I, Elizabeth Gonsalves, declare as follows:

     I am employed in Los Angeles County, I am over the age of eighteen years and am not a party to the within entitled action; my business address is 20955 Pathfinder Road, Suite 300, Diamond Bar, California 91765.

     On July 30, 2010, I served the following:

### NOTICE OF FILING OF DECLARATION OF NON-MONETARY STATUS

on the interested parties in said action by first class mail, postage prepaid, addressed as follows:

PHILIP D. DAPEER, ESQ.                ATTORNEY FOR PLAINTIFF
PHILIP D. DAPEER, A LAW CORPORATION
2625 TOWNSGATE ROAD, SUITE 330
WESTLAKE VILLAGE, CA 91361-5749

     I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Diamond Bar, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing affidavit/declaration.

     I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

     Executed on July 30, 2010, at Diamond Bar, California.

_____
ELIZABETH GONSALVES

CONFORMED COPY





1    EDWARD A. TREDER
     State Bar No. 116307
2    BARRETT DAFFIN FRAPPIER
     TREDER & WEISS, LLP
3    20955 Pathfinder Road, Suite 300
     Diamond Bar, California 91765
4    (626) 915-5714 – Phone
     (626) 915-0289 – Fax
5    EdwardT@BDFGroup.com
     Our File No.: 20090159910834
6
7    Attorneys for Defendant NDeX WEST, LLC

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF VENTURA

10

11   JULIE PAIGE,                          CASE NO. 56-2010-00377158-CU-OR-SIM

                                           UNLIMITED CIVIL
12                         Plaintiff,

13       vs.                               ASSIGNED FOR ALL PURPOSES TO:
                                           HON. BARBARA A. LANE, DEPT. S5
14   ONE WEST BANK, FSB; INDYMAC
     MORTGAGE SERVICES; NDEx WEST, LLC;
15   MORTGAGE ELECTRONIC REGISTRATION       DECLARATION OF NON-MONETARY
     SYSTEMS, INC.; DEUTSCHE BANK           STATUS
16   NATIONAL TRUST COMPANY; DEUTSCHE
     BANK NATIONAL TRUST COMPANY, as        (Cal. Civ. Code §2924l)
17   Trustee of the Indymac Indx Mortgage Loan Trust
     2005-AR7, Mortgage Pass-Through Certificates,
18   Series 2005-AR7 under the Pooling & Servicing
     Agreement dated April 1, 2005; TROXLER &
19   ASSOCIATES, INC., a California corporation;
     and DOES 1-50, inclusive,
20
21                         Defendants.

22

23       I, EDWARD A. TREDER, declare as follows:

24

25       1.    I am an attorney at law, duly admitted to practice before all courts in the State of

26   California, and I am the managing partner of Barrett Daffin Frappier Treder & Weiss, LLP, attorneys

27   for Defendant NDEx WEST, LLC, a named defendant in the above-captioned matter.

28

2.    By written instrument recorded on March 4, 2010, as Instrument No. 10-34230 in the Office of the Ventura County Recorder, Defendant NDeX WEST, LLC was duly substituted as foreclosure trustee under that certain Deed of Trust executed by DANIEL J. PAIGE and JULIE A. PAIGE, husband and wife as community property with right of survivorship, to secure a debt in the original sum of $575,000.00 in favor of Troxler & Associates, Inc., and recorded on December 8, 2004, as Instrument No. 20041208-0324654, Official Records of Ventura County, California. Said Deed of Trust created a first priority security interest with power of sale against the real property described therein and commonly known as 6104 Deerhill Road, Oak Park, California 91377.

3.    I have reviewed the claims alleged in Plaintiff's Complaint and the relief requested as to Defendant NDeX WEST, LLC. Based thereon, Defendant NDeX WEST, LLC knows or maintains a reasonable belief that it has been named as a defendant in the above-captioned action or proceeding solely in its capacity as a foreclosure trustee under said Deed of Trust and that Plaintiff do not assert any claims for monetary relief against Defendant NDeX WEST, LLC.

4.    Defendant NDeX WEST, LLC reasonably believes that it has not been named as a defendant in the above-captioned action or proceeding due to any acts or omissions on its part in the performance of its duties as foreclosure trustee because the facts alleged in the Complaint relate primarily to a loan origination and/or loan servicing dispute between Plaintiff, the original mortgage lender, its successor(s)-in-interest and/or the loan servicing agent(s) for such mortgage lender(s). Except for its handling of the non-judicial foreclosure, Defendant NDeX WEST, LLC was not involved in the origination or servicing of the subject mortgage loan.

5.    Defendant NDeX WEST, LLC agrees to be bound by any non-monetary order or judgment that may be issued by the court regarding said Deed of Trust.

1    6.    I have personal knowledge of the foregoing facts, and if called as a witness, I would

2 testify competently thereto.

3

4    I declare under penalty of perjury under the laws of the State of California that the foregoing

5 facts are true and correct.

6

7    Executed this 30th day of July, 2010 at Diamond Bar, California

8

9

10    EDWARD A. TREDER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       <u>PROOF OF SERVICE BY MAIL (C.C.P. 1013a, 2015.5)</u>

2

3   STATE OF CALIFORNIA         )
                                     )

4   COUNTY OF LOS ANGELES     )

5

6       I, Elizabeth Gonsalves, declare as follows:

7

8       I am employed in Los Angeles County, I am over the age of eighteen years and am not a party to the within entitled action; my business address is 20955 Pathfinder Road, Suite 300, Diamond Bar, California 91765.

9

10       On July 30, 2010, I served the following:

11              **DECLARATION OF NON-MONETARY STATUS**

12 on the interested parties in said action by first class mail, postage prepaid, addressed as follows:

13     PHILIP D. DAPEER, ESQ.            ATTORNEY FOR PLAINTIFF
      PHILIP D. DAPEER, A LAW CORPORATION

14     2625 TOWNSGATE ROAD, SUITE 330
      WESTLAKE VILLAGE, CA 91361-5749

15

16       I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service

17 on that same day with postage thereon fully prepaid at Diamond Bar, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if

18 postal cancellation date or postage meter date is more than one day after the date of deposit for mailing affidavit/declaration.

19

20       I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

21

22       Executed on July 30, 2010, at Diamond Bar, California.

23

24                  ELIZABETH GONSALVES

25

26

27

28

# EXHIBIT 2

# Case Report

⊞ ← Case Search

## Case Summary

### Case Information

**Case Number:** 56-2010-00377158-CU-OR-SIM

**Case Title:** Julie Paige vs. One West Bank

**Case Category:** Civil - Unlimited        **Filing Date:** 7/13/2010

**Case Type:** Other Real Property        **Case Status:** Pending

**Judicial Officer:**        **Location:** Simi Valley

## Participants

| Name | Filing Document | Role | Attorney | Filed By |
|------|-----------------|------|----------|----------|
| Deutsche Bank National Trust Company | Complaint | Defendant | | Paige, Julie |
| Deutsche Bank National Trust Company, as Trustee of the Indymac Indx Mortgage Loan Trust 2005-AR 7 Mortgage Pass-Throught Certificates, Series 2005-AR 7 under the Pooling & Servicing Agreement dated April 1, 2005 | Complaint | Defendant | | Paige, Julie |
| Indymac Mortgage Services | Complaint | Defendant | | Paige, Julie |
| Mortgage Electronic Registration Systems, Inc | Complaint | Defendant | | Paige, Julie |
| NDex West, LLC | Complaint | Defendant | | Paige, Julie |
| One West Bank | Complaint | Defendant | | Paige, Julie |
| Paige, Julie | Complaint | Plaintiff | Dapeer, Philip | Paige, Julie |
| Troxler & Associates, Inc | Complaint | Defendant | | Paige, Julie |

## Pending Hearings

**No results found**

## Past Events

**No results found**

## Register of Actions

| ROA # | Entry |
|-------|-------|
| 1 | Complaint filed by Paige, Julie on 07/13/2010. Filed by:Paige, Julie(Plaintiff) Refers to:One West Bank(Defendant); Indymac Mortgage Services(Defendant); NDex West, LLC(Defendant); Mortgage Electronic Registration Systems, Inc(Defendant); Deutsche Bank National Trust Company (Defendant); Deutsche Bank National Trust Company, as Trustee of the Indymac Indx Mortgage Loan Trust 2005-AR 7 Mortgage Pass-Throught Certificates, Series 2005-AR 7 under the Pooling & Servicing Agreement dated April 1, 2005(Defendant); Troxler & Associates, Inc(Defendant) |

| 2 | Civil Case Cover Sheet filed by Paige, Julie on 07/13/2010. |
| 3 | Case assigned to Department S5. |
| 4 | Declaration of Non-Monetary Status filed by NDex West, LLC on 08/04/2010. |
| 5 | Notice - Other (of filing of declaration of non-monetary status) filed by NDex West, LLC on 08/04/2010. |